FOUR ACRE OIL CO. v. NATIONAL BANK OF COMMERCE. (No. 383.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 12, 1918. Rehearing Denied Nov. 27, 1918.)

GARNISHMENT ⊂⇒87 — AFFIDAVIT — SUFFICIENCY.

An affidavit, "G. being first duly sworn on oath says that he is attorney for plaintiff in the foregoing and attached application for writ of garnishment against the National Bank of Commerce, Houston, Texas, wherein Four Acre Oil Company is plaintiff, and he states under oath upon information and belief that the facts therein stated are true," was insufficient under Rev. St. art. 271, subd. 3, and article 273.

Appeal from District Court, Jefferson County: E. A. McDowell, Judge.

Application by the Four Acre Oil Company for writ of garnishment against the National Bank of Commerce, as garnishee, and George E. Smith, defendant in judgment. From a judgment quashing the writ, the oil company appeals. Affirmed.

P. F. Graves, of Houston, and W. D. Gordon, of Beaumont, for appellant.

Smith & Crawford and B. F. Pye, all of Beaumont, for appellee.

KING, J. Appellant applied to the district court of Jefferson county for writ of garnishment against appellee, as garnishee, and Geo. E. Smith, defendant in judgment, under subdivision 3 of article 271, Rev. St. The application, as signed by the attorney for appellant, is in the language of said subdivision 3 and article 273. The affidavit to the application is in the following language:

"State of Texas, County of Jefferson.

"Pleasant F. Graves being first duly sworn on oath says that he is attorney for plaintiff in the foregoing and attached application for writ of garnishment against the National Bank of Commerce, Houston, Texas, wherein Four Acre Oil Company is plaintiff, and he states under oath upon information and belief that the facts therein stated are true."

The district court sustained an exception to the application on the ground that it was not supported by proper affidavit as required by statute, and quashed the writ of garnishment, and this is assigned as error.

A careful study of articles 271 and 273 forces us to the conclusion that the affidavit is insufficient and does not substantially comply with the statutes.

The judgment of the trial court is therefore affirmed.